UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD BROOKS,  )  )   Petitioner )   )   v. )   )   WILLIAM WILSON,  )   )   Respondent. ) | No. 3:07cv0427 WL |

*OPINION AND ORDER*

Petitioner Richard Brooks, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Mr. Brooks states that on January 10, 2007, a prison disciplinary board found him guilty of fleeing or physically resisting, and deprived him of sixty days of earned credit time.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings or are demoted to a lower credit time earning classification, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present exculpatory evidence when

consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Mr. Brooks asserts that the conduct report charging him with physically resisting was filed beyond the time limits established by Indiana Department of Correction policy. He states that "[a]ccording to [the] Indiana Department of Correction's Adult Disciplinary Procedure ("ADP", hereinafter) a report of conduct should be completed and submitted within 24 hours of the incident or knowledge of the violation." Mr. Brooks asserts that the incident he was charged with occurred on December 13, 2006, but that the conduct report was not written until December 18.

Even if the conduct report was written five days after the incident, it states no claim upon which habeas corpus relief can be granted. Due process requires that a prisoner charged with a disciplinary offense be given "advance written notice of the charges against [him] at least twenty-four hours before the hearing." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994), citing *Superintendent v. Hill*, 472 U.S. at 454 and *Wolff v. McDonnell*, 418 U.S. at 566. *Wolff*, however, does not establish that prisoners are entitled to have the conduct report written within a certain length of time of the incident.

The ADP, the Indiana Department of Correction ("IDOC") policy Mr. Brooks relies on, was created under authority of state law. Violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991). A Violation of IDOC rules

states no claim for habeas corpus relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind 1997).

Mr. Brooks alleges that Correctional Officer Runde, the author of the conduct report, wrote the conduct report against him in retaliation for his having filed a grievance. Mr. Brooks asserts that Officer Runde and others used excessive force against him on December 13, 2006, that he filed a grievance against them later that day, and that in response, Officer Runde wrote his conduct report charging Mr. Brooks with physically resisting.

In his second ground, Mr. Brooks asserts that the ADP prohibits disciplinary action in retaliation or for the purpose of revenge. But, as with ground one of this petition, a violation of IDOC rules states no claim for habeas corpus relief. *Hester v. McBride*, 966 F.Supp. at 774-75.

In his third ground, Mr. Brooks asserts that Officer Runde violated his Fourteenth Amendment due process rights by writing a false conduct report in retaliation for his having filed a grievance. If the conduct report was accurate, and charged Mr. Brooks with an offense he actually committed, then the author's motive is beyond the scope of habeas corpus review. If Officer Runde wrote a false and inaccurate report, it states no claim upon which relief can be granted if Mr. Brooks received the process due under *Wolff v. McDonnell* because "as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999), citing *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987); and *Hanrahan v. Lane*, 747 F.2d 1137, 1139-41 (7th Cir. 1984).

If the disciplinary hearing board followed the due process guidelines set forth in *Wolff v. McDonnell,* then the court must deny the petition regardless of Officer Runde's motives or truthfulness; if there was a due process violation in the disciplinary action, the court must grant the petition regardless of his motives or the truth of the accusation. Mr. Brooks's petition does not assert that the Disciplinary Hearing Board committed any due process errors in dealing with this disciplinary action. Because the petition does not assert that the disciplinary hearing board did not afford him the due process protections afforded by *Wolff v. McDonnell*, ground three states no claim upon which relief can be granted.

Accordingly, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED.

ENTERED: October 31 , 2007

                                    **s/William C. Lee**
                                    William C. Lee, Judge
                                    United States District Court